We are now ready for argument in Ariem Surgical against the United States. Mr. Weiser. Good morning, your honors. Elliot Wicks on behalf of Ariem Surgical. May it please the court and counsel. Judge, I think this case is obviously a wrongful levy case brought by Ariem Surgical and the district court. I think one of the issues that came about in reviewing and getting ready for today's argument is clearly there's an issue of which law applies, state common law or federal common law. And before we even discuss, I think, the issue of state law versus common law, I think we laid out in our supplemental authorities pursuant to Circuit Rule 34 and FRAP 28J what our position is. And I think there are one case that the government relies on today's child. We don't think that today's child is applicable in that today's child simply relies on types of cases that are not tax cases. And I think that's significant for my next comment, because my next comment is I believe that the United States Supreme Court, while not specifically discussing in context of wrongful levies and successor and interest liability, has, in fact, opined in the TFT Galveston case, the tax court case arising out of Texas, has relied on those cases. They're listed right in the case as authority for certain statements made by the TFT Galveston court. For example, courts have rejected the application of federal common law in tax case in similar contexts. I think for that reason, based on the cases referenced within TFT Galveston, I think it's pretty clear that in the context of tax cases, state court law should apply. The getting to that issue, again, just so it's clear also, there's another case that AREM has relied on in its supplemental authorities, which is the storage and office systems case. And in that case, the court ruled along the same lines that state court law in these types of tax cases should apply. We did reference in the brief, however, the Knight case. We do believe that's a middle district Tennessee district court case. And we do believe that that case, nonetheless, even though we did rely in our supplemental authorities letter on these other cases that I just referenced, we believe that the middle district Tennessee court case gives this court sufficient authority to indeed say that state common law should apply, not federal common law. So with that, I would also like to say, since we don't know how Your Honors will rule, I do want to spend just a couple of minutes talking about why the federal common law, if it were applied, even if it were applied, such like today's child case, applied it in finding that the predecessor business, or excuse me, the successor business was a successor to the predecessor business. One of the things I do want to point out in nuance in the briefs filed by the government was that there's sort of a condition precedent when dealing with a successor, an interest claim applying federal common law, such as the court did in today's child. There are two, what I would call either prerequisites or condition precedent. One is the notice of the claim, that is the notice by AREM, by the government. And two, the substantial continuity of the business, and that both people, that would be both people meaning shareholders, the way I read today's child, that is Mrs. Tights and Mr. Tights exercise control over both businesses. But more to the point, and I know you read the briefs, and therefore I don't want to discuss the facts in great context. But here, the government does say that the notice of the claim, that first condition has been met. However, I do not believe that the record shows that. And if when the court examines the record, I believe that it will show that Mrs. Tights was aware of the predecessor business, Micron Surgical, having financial difficulties, was never aware of the claim, either have never received notice, number one, of the claim, either through some levy process or lien. And when I say that, that's, I mean, before she acquired the interest in AREM Surgical. And number two, the record fails to show where she ever received any constructive notice at all. And the questions were asked at trial, and she says, again, she was aware of the AREM, Micron Surgical financial difficulty, but not their tax issues at all. In fact, I'm not sure that question was asked. Secondly, the substantial continuity of the business. Underlying tone, I believe, between federal common law and state common law is the same. And that is, despite the fact that I believe federal common law is broader in its application, meant to sort of engulf more than less of entities under the definition of successor and interest for the reason that courts discuss, which is because there are significant federal issues at work, which we want to make sure are protected. But in this case, the underlying tones are the same. State and federal law, both federal and state and common law, require the substantial continuity of the business, that both people exercise control over both businesses. And that is from today's child. And here, one of the facts that Judge Zagel in the district court clearly understood was that Mrs. Tights had no involvement in the predecessor business at all. And Mr. Tights was only a 40% shareholder. And I think you ever contended that in light of that AREM can't be liable for more than 40% of Micron's tax debts? I don't think we made that contention in the law. There seems to be an all or none argument. I believe that successor and interest often is. I think that you either are the successor, and therefore you adopt the total liabilities of the predecessor company, or you don't. And I would also suggest that the reason that is, is because this is an equitable argument, a common law equitable argument. And it's meant to take the place, for example, where you have all the, if I might just go backwards for one second, the substantial continuity, both people indicating, or both people have to be owners of the business. And in this case, they weren't. That's not a requirement under Illinois law of successor liability. It's an absolute requirement. The Steele case says otherwise. I'm sorry? The Steele company case says otherwise. Well, the Steele company case, I don't think the Steele company case says otherwise. I think what the Steele company case said was that those, and we cite it in our brief, that the facts were extremely unique. And they were unique because the. They were duplicated in this case. Well, judge, I would say not. And the reason I would say not is because the former owner, and it's the most important point that we tried to make in the district court, was the former owner here, Mr. Bernd Teitz, was only a 40% owner. He had no control over the predecessor company, which I think distinguishes the Steele company case from this case. Otherwise. Judge Segal found otherwise. Was the predecessor? Judge Segal found that he was running the old company and he was running the new one. But even if that's the case. It's a finding of fact made by a judge after a trial. And it's not clearly erroneous. And so it's the way we will approach the case. And I appreciate that, absolutely. But I think nonetheless, because of the makeup of the. So for example, Mr. Teitz could not control that predecessor company as a matter of law. The 60% majority could. And the record shows that the directors voted to close the business. And once the directors voted to close the business, how could Mr. Teitz control that predecessor business in any way? It can't be accomplished. So I see that I'm completed with my time and I'll reserve the remaining time. Judge Rovner, you were asking a question earlier. I hope I didn't cut you off. No, no. I was just going to say the obvious, that he was not just a 40% owner and shareholder, but the general manager. Ultimately, he was the president. But I don't want to use up your time. Thank you. Thank you, Judge. Thank you, counsel. Ms. Erickson. Thank you, Judge Easton. Good morning. May it please the court. Marian Erickson for the United States. Judge Easterbrook, I think you hit the nail on the head when you said that this case turns on whether or not the district court's finding was clearly erroneous. In this case, obviously, we believe it was not clearly erroneous. There are plenty of facts in the record to support the government's position. Whether you look at Illinois law or whether you look at the federal common law, I don't believe this court needs to decide whether the federal common law applies. I believe you can find in favor of the government by applying the state law as easily as the federal law. It is true that, in general, under Illinois law, state law requires identity of ownership between the previous corporation and the successor corporation. But as you point out, Judge, in the Steel Company case and also in another case we cite in our brief, Parks versus Townsend, Illinois courts have decided that, in fact, although there was not on paper 100% identity of ownership, there was sufficient overlap of ownership in similar, not exactly the same, but similar circumstances to the circumstances we have here, where Mr. Tights was a partial owner of the previous corporation. His wife was the 100% owner of the successor corporation. And there was such an overwhelming evidence of continuity of management and continuity of operations, where you had the same employees, conducted the same business from the same location, using the same phone numbers, fax numbers, website, trade name. And although there were some slight variations in the types of surgical instruments they sold, they were both in the business of selling surgical instruments. And I don't think that the problem of not 100% identity of ownership makes any difference to the outcome in this case. And the wife had no experience in this business. And so the stock ownership in this fashion is something of a sham. It was on paper. It would be elevating form over substance to give much credence to the way they set things up. Mr. Tights had no official title or responsibilities. And yet, he testified that he went to the office every day and he worked there. The fact that they chose to make her the CEO and the treasurer, and I think she held every corporate office, in fact, should not be honored in terms of the substance of what was going on. The district court found, as a matter of fact, that he was absolutely indispensable to the corporation, that he was the person who had the relationships in the industry. He knew the people in the industry. And in fact, he signed at least three very important documents on behalf of the company, holding himself out as a guarantor, as general manager, as the owner of the company, even though on paper he was not. If he had had no interest, would that have mattered? I mean, he had 40% interest. Let's say he had no interest. Would that matter? In the predecessor corporation, you mean? Yeah. Sure. I think that would be a harder case, Your Honor, because I believe it would be more difficult to show identity of ownership if he was simply the president and the manager of the previous corporation. But that's not the facts we have here. He was the actual owner. Oh, I know that. I think it was one thing, if all the rest of it has been enough. I don't know the answer to that question, Your Honor. But I think we certainly could have made the argument. If the court has no further questions for me, I would rest on our brief and request respectfully that you affirm the district court's holding. Thank you, counsel. Thank you. Anything further? I'll use my three minutes efficiently, hopefully. A couple of points. I think, to Your Honor's point about the Steele case, that it may be the same. We don't believe it is. We tried to make that distinction in the briefs. We purchased new equipment. We had a new bank. Mrs. Tite signed with the bank. She met with the bank. We had new suppliers. Arium actually paid approximately $150,000 from Micron's former bank to buy the assets from Micron, and at that point, owned all the goodwill and in an arm's length transaction under a bill of sale. I think that the law in the state of Illinois is still Vernon versus Schuster, which requires an Illinois Supreme Court case, which requires just very clearly identity of shareholders. As the court said there, it's not the continuation of the business. It's the continuation of the corporation. And that meant that in order to have the continuation of the corporation, you had to have identity of shareholders. So despite the facts that are distinguishable from Morgan, here, again, and I know I am certainly being repetitive, I believe that the fact still remains that this would be where you have the makeup of shareholders. And to Judge Rovner's point, what if he was 10%? These folks voted, as board of directors, to not continue with the business. And at that point, I think it was fair game for Mrs. Tights to open up a new business and continue the business, because Mr. Tights did not have the legal control requisite to do what the government is saying he is doing, that is Mr. Tights. And therefore, we think that the Court of Appeals should be reversed. And thank you. Mm-hmm. Thank you very much, counsel. The case will be taken under advisement.